```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------

|                                  |     |                           |
|----------------------------------|-----|---------------------------|
| UNITED STATES OF AMERICA,        | :   |                           |
|                                  | :   | CASE NO. 5:14-CR-221      |
|     Plaintiff, | : |                           |
|                                  | :   |                           |
| v.                               | :   | OPINION & ORDER           |
|                                  | :   | [Resolving Doc. 37]       |
| TRAVARIS PERKINS,                | :   |                           |
|                                  | :   |                           |
|     Defendant. | : |                           |
|                                  | :   |                           |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 21, 2016, Travaris Perkins requested the appointment of counsel to assist with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Perkins' potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

## I. Discussion

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2] Section 2255 habeas petitions are civil actions.

As an initial matter, this Court already denied the appointment of counsel as to Travaris Perkins on February 16, 2016.[3]

Perkins would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause. *Johnson* does not change the career offender decisions involving felony drug convictions and categorical violent crimes.

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).
[3] Doc. 33.

Case No. 14-cr-221
Gwin, J.

In calculating Travaris Perkins' base offense level, the pre-sentence report listed two "felony convictions of either a crime of violence or a controlled substance offense . . . Specifically, the defendant was convicted of Corrupting Another with Drugs (F4) in Summit County Court of Common Pleas, Case No. CR-2005-01-0218 and Trafficking in Cocaine (F4) in Summit County Court of Common Pleas, Case No. CR-2008-05-1537."[4]

The controlled substance offenses, Trafficking in Cocaine and Corrupting Another with Drugs, are not affected by the *Johnson* decision because they were not classified as a crime of violence.

Moreover, a closer examination of Perkins' PSR reveals that he was sentenced for a number of other felony controlled substance offenses.[5]

Thus, Perkins's guidelines calculation would not be affected post- *Johnson* because the pre-sentence report still lists at least two felony convictions for a controlled substance offense.

Further, in his plea, Perkins waived a collateral attack of this type.[6] And Perkins' sentence of 82 months was below the statutory maximum prescribed by the Felon in Possession statute 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[7]

Perkins has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil §2255 proceeding is an exceptional circumstance warranting appointment of counsel.

---

[4] Presentence Investigation Report at ¶12.
[5] Trafficking in Cocaine (F5) in Summit County Court of Common Pleas, CR-2014-07-1939; Possession of Cocaine (F4) and Aggravated Possession of Drugs (F5) in Summit County Court of Common Pleas, CR-2012-01-0158; Possession of Cocaine (F5) in Summit County Court of Common Please, CR-2007-11-3796.; Trafficking in Marijuana (F5) in Summit County Court of Common Pleas, CR-2007-05-1468.
[6] Doc. 18 at 49-50.
[7] Doc. 24.

Case No. 14-cr-221
Gwin, J.

## II.    Conclusion

For the reasons above, this Court **DENIES** Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.


Dated: March 25, 2016                                 *s/      James S. Gwin*
                                                                                      JAMES S. GWIN
                                                                                      UNITED STATES DISTRICT JUDGE