```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
TRAVARIS M. PERKINS,                            :    Case No. 5:14-CR-221
                                                :    Case No. 5:16-CV-697
        Petitioner,                             :
                                                :
v.                                              :    OPINION & ORDER
                                                :    [Resolving Doc. 36, 5:14-CR-221]
UNITED STATES OF AMERICA,                       :    [Resolving Doc. 1, 5:16-CV-697]
                                                :
        Respondent.                             :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Travaris M. Perkins petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] He argues that he was improperly sentenced under the United States Sentencing Guidelines because (1) his prior convictions are no longer offenses that trigger an enhanced sentence requirement, (2) his plea waiver of appeals and post-conviction attacks is invalid, and (3) he received ineffective assistance of counsel. For the reasons below, the Court **DENIES** Perkins's petition.

**I. Discussion**

*A. Grounds One and Two – Unconstitutional Enhancements*

In grounds one and two, Petitioner Perkins argues that the Supreme Court's recent *Johnson v. United States*[2] opinion invalidates his sentence's enhancement.[3]

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[4] If a court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violates a criminal defendant's constitutional right to due process.[5] Perkins argues that the Guidelines

---

[1] Doc. 36. The government opposes. Doc. 40.
[2] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[3] Doc. 36 at 5-6.
[4] 135 S. Ct. at 2563.
[5] *Id.*

Case No. 5:14-CR-221
Gwin, J.

enhancement he received similarly violates his constitutional right to due process.[6] Perkins's argument loses for two reasons.

First, Perkins waived his right to challenge his conviction on collateral appeal, save an ineffective assistance of counsel claim. "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right.'"[7] This waiver applies to § 2255 claims if the defendant enters the waiver agreement knowingly and voluntarily.[8] Absent any manifest injustice, these waivers are generally enforceable.[9]

In his written plea agreement, Perkins voluntarily and knowingly waived his right to collaterally attack his sentence, except in very limited circumstances. Perkins's sentence enhancement argument does not fall within those exceptions. He was not sentenced in excess of the statutory maximum or the stipulated Guidelines range.[10] He is not contesting his Criminal History Category.[11] He is not raising a claim of prosecutorial misconduct.[12] Because the *Johnson* claims raised on collateral appeal fall within the scope of Perkins's waiver, Perkins has waived his right to bring the § 2255 claims.

Second, even if Perkins had not waived his rights, *Johnson* does not apply to his sentence. Petitioner Perkins received an enhanced sentence under the United States Sentencing Guidelines ("Guidelines") as opposed to the ACCA.[13] The Guidelines provide for an enhanced sentence if "the defendant has at least two prior felony convictions of either a crime of violence

---

[6] Doc. 36 at 5-6.
[7] *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).
[8] *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see also Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987).
[9] *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).
[10] Doc. 24.
[11] Doc. 36.
[12] *Id.*
[13] *See* Doc. 18 at 6 (plea agreement); *see also* Doc. 24 (judgment).

2

Case No. 5:14-CR-221
Gwin, J.

or a controlled substance offense."[14] The Supreme Court's *Johnson* opinion may affect the constitutionality of the Guidelines' definition of a "crime of violence."[15]

However, Petitioner Perkins's prior felony convictions are "controlled substance offenses," not "crimes of violence." Perkins's Presentence Report identified three prior felony convictions, all of which are "controlled substance offenses" under the Guidelines.[16]

Because *Johnson* did not concern the definition of a "controlled substance offense," *Johnson* has no effect on the propriety of Defendant Perkins's sentence. Thus, Perkins's first and second grounds for relief fail on the merits.

*B. Ground Three – Ineffective Assistance of Counsel*

In ground three, Petitioner Perkins argues that he was denied the effective assistance of counsel because his attorney failed to retrieve mental health records.[17] According to Perkins, because of this failure Perkins entered into a plea agreement without a competency test and declined to request a downward departure for diminished capacity.[18]

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[19]

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[20] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[21] The Court's review is deferential, as "strategic choices

---

[14] U.S.S.G. 4B1.1.
[15] This issue is currently pending before the Supreme Court in *Beckles v. United States*, Docket No. 1508544.
[16] Doc. 21. Defendant Perkins was previously convicted of "Trafficking in Cocaine," "Aggravated Possession of Drugs," and two counts of "Possession of Cocaine." *Id.* at 3. These offenses are controlled substance offenses as opposed to crimes of violence.
[17] Doc. 36 at 5.
[18] *Id.*
[19] 466 U.S. 668 (1984).
[20] *Id.* at 688.
[21] *Id.* at 690.

3

Case No. 5:14-CR-221
Gwin, J.

made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[22]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[23]

Perkins's argument fails because the record shows that his mental health was directly addressed at the change of plea hearing. During the hearing, the Court asked Perkins about his alcohol and drug dependency, his mental health treatment, and his overall competence.[24] Perkins stated that his depression did not impact his ability to understand the proceedings or his ability to decide whether to enter a plea.[25] Perkins had the opportunity to tell the Court that his attorney did not obtain mental health records that he felt were pertinent to his defense.

Even if counsel had retrieved mental health records, there is no "reasonable probability" of a different outcome. The Court had Perkins's mental health background available to it in the Final Presentence Report, which discussed his mental and emotional health.[26] Accordingly, Perkins's third ground for relief fails.

---

[22] *Id.* at 690-91.
[23] *Id.* at 695.
[24] Doc. 32.
[25] *Id.* at 3-4.
[26] Doc. 21.

4

Case No. 5:14-CR-221
Gwin, J.

## II. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Perkins's petition. This Court certifies that no appeal could be taken from this order in good faith.

IT IS SO ORDERED.


Dated: October 21, 2016         *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE